UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

       Petitioner,

                                  CASE NO. 14-14962
v.                             HONORABLE SEAN F. COX

BONITA HOFFNER,

       Respondent.
_____/

### OPINION AND ORDER DISMISSING THE HABEAS PETITION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

### I. Introduction

This matter has come before the Court on petitioner Derrick Lee Smith's *pro se* habeas corpus petition under 28 U.S.C. § 2254. Petitioner is a state inmate at Alger Correctional Facility in Munising, Michigan.[1] He alleges that, on January 13, 2014, while he was confined at the Lakeland Correctional Facility in Coldwater, Michigan, he was charged with prison misconduct for using another prisoner's pin number to make a telephone call. He was found guilty of the charge and punished with thirty days loss of phone privileges.

Petitioner denies making the disputed phone call. He claims that it was impossible for him to have made the call because he was housed in a different facility in a different county on January 13, 2014, and he did not arrive at Lakeland Correctional

---

[1] Although Petitioner was incarcerated at Lakeland Correctional Facility in Coldwater, Michigan when he filed his habeas petition, state court records indicate that he is now confined at Alger Correctional Facility. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber= 267009.

Facility until June 12, 2014. Petitioner contends that the correctional officer who charged him with the misconduct intended to prevent him from contacting his family and friends. He seeks injunctive relief for alleged violations of his First Amendment rights and his Fourteenth Amendment right to due process of law.

## II.  Analysis

The Court may grant relief under § 2254 if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The essence of habeas corpus is a challenge to the very fact or duration of physical confinement, such as when the petitioner seeks immediate release or a speedier release from that confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973).

Petitioner is not seeking immediate release or even a speedier release from prison. He is challenging his living conditions and a disciplinary measure taken as a result of an alleged violation of prison rules. A complaint under 42 U.S.C. § 1983 is the "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id*. at 499.

> This is not to say that habeas corpus may not also be available to challenge such prison conditions. When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.

*Id*. (internal and end citation omitted). But habeas corpus is not the proper vehicle to mount an attack on the denial of phone privileges. *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 720-21 (E.D. Mich. 2007).

Petitioner, moreover, was punished with a thirty-day restriction on phone privileges, a sanction which "does not present a dramatic departure from the basic

conditions of [his] sentence," nor "work a major disruption in his environment." *Sandin v. Conner*, 515 U.S. 472, 485, 486 (1995). The sanction did not invariably affect the duration of Plaintiff's sentence, and it was not "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486. "[W]here there is no life, liberty, or property interest, there is no due process protection." *Sova v. Holder*, 451 F. App'x 543, 547 (6th Cir. 2011) (citing *Patel v. Gonzales*, 470 F.3d 216, 220 (6th Cir. 2006)).

It further appears that this matter is moot. The restriction on phone privileges apparently extended from December 23, 2014, through January 22, 2015. Compl. at 2.[2] Because the only relief sought is to have the phone restriction lifted, and because it appears that the phone restriction has already expired, "no actual injury remains that the Court could redress with a favorable decision . . . ." *Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009).

### III. Conclusion

Petitioner's claim appears to be moot, and he has not shown that he is in custody in violation of the Constitution or any federal law. Therefore, he has no right to habeas corpus relief, and his habeas petition is summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases, "which allows the summary dismissal of a petition if 'it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court.' " *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir.

---

[2] Page two of the complaint states that Petitioner's phone privileges were restricted from December 23, 2014, through January 22, 2014. The Court believes that Petitioner meant to say the restriction was in effect through January 22, *2015*.

2004) (quoting Rule 4).

The Court declines to grant a certificate of appealability, because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Reasonable jurists would not disagree with the Court's resolution of Petitioner's constitutional claims, nor conclude that the issues deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court also declines to grant leave to proceed *in forma pauperis* on appeal should Petitioner decide to appeal this Court's decision. Although Petitioner was granted permission to proceed *in forma pauperis* in this Court, an appeal could not be taken in good faith for the reasons given above. Fed. R. App. P. 24(a)(3)(A). Thus, leave to appeal *in forma pauperis* is denied.

Dated: March 3, 2015               S/ Sean F. Cox
                                   Sean F. Cox
                                   U. S. District Judge


I hereby certify that on March 3, 2015, the foregoing document was served on counsel of record via electronic means and upon Derrick Lee Smith via First Class mail at the address below:

Derrick Lee Smith
267009
ALGER MAXIMUM CORRECTIONAL FACILITY
N6141 INDUSTRIAL PARK DRIVE
MUNISING, MI 49862

                                   S/ J. McCoy
                                   Case Manager