UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

       Petitioner,

                                              CASE NO. 14-14962
v.                                         HONORABLE SEAN F. COX

BONITA HOFFNER,

       Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION
### (ECF No. #10)

### I. Introduction

On December 29, 2014, petitioner Derrick Lee Smith filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Petitioner alleged in his habeas petition that, on January 13, 2014, while he was incarcerated at Lakeland Correctional Facility in Coldwater, Michigan, he was charged with prison misconduct for using another prisoner's pin number to make a telephone call. He was found guilty of the charge and punished with thirty days' loss of phone privileges.

In his habeas petition, Petitioner claimed that it was impossible for him to have made the disputed call because he did not arrive at Lakeland Correctional Facility until June 12, 2014. He sought injunctive relief for alleged violations of his rights under the First and Fourteenth Amendments to the United States Constitution.

On March 3, 2015, the Court summarily dismissed the habeas petition on the grounds that Petitioner was not in custody in violation of federal law and that a habeas petition was not the proper vehicle for an attack on the conditions of confinement or the

denial of phone privileges. Petitioner has appealed the Court's decision and moved in this Court for reconsideration of the order dismissing his habeas petition.

## II. Legal Standard

Generally, the Court will not grant a motion for reconsideration that merely presents the same issues already ruled upon by the court. LR 7.1(h)(3) (E.D. Mich. July 1, 2013); *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). To prevail on a motion for reconsideration, the movant must demonstrate a "palpable defect" in the prior opinion and show that correcting the defect will result in a different disposition of the case. LR 7.1(h)(3); *Indah*, 661 F.3d at 924. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp.2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

## III. Analysis

In his motion for reconsideration, Petitioner continues to argue that prison officials falsely accused him of misconduct. He claims, as he did in his habeas petition, that it was impossible for him to have used the telephone at Lakeland Correctional Facility on January 1, 2014, because he was not incarcerated there until June of 2014.

Petitioner also alleges that, as a result of the false accusations against him, his custody and security levels increased and he was sent to Alger Correctional Facility in Munising, Michigan. He claims that the additional and unconstitutional restraints make his custody illegal.

Finally, Petitioner alleges that the Court mistakenly concluded that he was seeking only to have the restriction on his telephone privileges lifted. Plaintiff states that

he was also seeking to have the major misconduct report vacated, to have the related information removed from his prison files, and to be housed at a proper facility at the correct custody level.

Petitioner's challenge to the factual basis for the prison misconduct proceeding raises the same issue that the Court considered and rejected in its dispositive opinion. Furthermore, a complaint under 42 U.S.C. § 1983 is the proper remedy when, as here, a state prisoner "is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Although habeas corpus may be available to challenge prison conditions that place a prisoner under additional and unconstitutional restraints during lawful custody, *id.*, Petitioner has not shown that the restraints placed on him as a result of the misconduct proceedings are unconstitutional. He "possesses no inherent constitutional right to placement in any particular prison," *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995), and "no right to a particular security level." *Ford v. Martin*, 49 F. App'x 584, 586 (6th Cir. 2002). And because he was provided a hearing on the misconduct charge, his right to due process was not violated. *Jackson v. Madery*, 158 F. App'x 656, 662-63 (6th Cir. 2005).

## IV. Conclusion

Petitioner has failed to show that the Court made a palpable defect in its prior order and that correcting the alleged errors will result in a different disposition of his

case. Accordingly, the motion for reconsideration (ECF No. 10) is DENIED.


Dated: April 22, 2015                S/ Sean F. Cox
                                     Sean F. Cox
                                     U. S. District Judge


I hereby certify that on April 22, 2015, the foregoing document was served on counsel of record via electronic means and upon Derrick Lee Smith via First Class mail at the address below:

Derrick Lee Smith 267009
ALGER MAXIMUM CORRECTIONAL FACILITY
N6141 INDUSTRIAL PARK DRIVE
MUNISING, MI 49862

                                     S/ J. McCoy
                                     Case Manager